RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6 / 9 / 14

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| JENNIFER LOUVIERE | : | DOCKET NO. 3:12-2746 |
| VS. | : | JUDGE TRIMBLE |
| WAL-MART LOUISIANA LLC, ET AL | : | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment" (R.#46) filed by Firestone Building Products Company, LLC ("Firestone") wherein the movers seeks to have the court dismiss pursuant to Rule 56 of the Federal Rules of Civil Procedure all the claims made against it because plaintiff, Jennifer Louviere, cannot demonstrate (1) that the Firestone roofing system was unreasonably dangerous in construction, composition or design, (2) a failure to warn or failure to conform to an express warranty, and (3) causation. Firestone further seeks to dismiss plaintiff's claims of negligence because the LPLA is the exclusive remedy for a manufacturer whose product is alleged to have caused injury. Plaintiff has filed no opposition to this motion. For the following reasons, the motion will be granted.

## FACTUAL STATEMENT

In her complaint, Louviere alleges that on or about August 29, 2011 she was walking in the Wal-Mart store in Ruston, Louisiana when she slipped and fell on a liquid substance in the store allegedly caused by a leaking ceiling or roof. Louviere further alleges that the fall caused injuries to her leg, shoulder and hip. Louviere has named as defendants, Wal-Mart, the roofer, John J.

Campbell Company, Inc., and the roof manufacturer, Firestone Building Products Company, LLC ("Firestone").

Firestone is a manufacturer and supplier of single-ply roofing products for the commercial roofing market.[1] Firestone sells its products to authorized roofing contractors, but is not in the roof construction business.

Louviere retained expert, Dr. Frank Willis, who prepared an expert report that concluded that he "found no evidence that the current roof is leaking, and found no evidence to tie the condition of the roof to the accident." Dr. Willis also concluded that he could not determine the source of the moisture on which Louviere allegedly slipped. Dr. Willis opined that the source of the moisture could have been from the coolers, refrigeration piping, refrigeration system, the air conditioning ducts, the rust stained area of the metal roofing deck or the skylights.

On the day of the alleged accident, the temperature was 100 degrees and it had not rained between August 25, 2011 and the day of the accident.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[2] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[3]   A dispute about a

---

[1] Firestone Statement of Fact #1.

[2] Fed. R.Civ. P. 56(c).

[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[4] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[5] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[6] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[7] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[8] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[9]

## LAW AND ANALYSIS

The Louisiana Product Liability Act ("LPLA") requires a plaintiff to establish four elements:

> (1) that the defendant is a manufacturer of the product;
> (2) that the claimant's damages was proximately caused by a characteristic of the product;
> (3) that this characteristic made the product "unreasonably dangerous;" and
> (4) that the claimant's damages arose from a reasonably anticipated

---

[4] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[5] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[6] Anderson, 477 U.S. at 249.

[7] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[8] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[9] Anderson, 477 U.S. at 249-50.

use of the product.[10]

Firestone maintains that Louviere cannot set forth the manufacturer's specifications and standards for the Firestone roofing components at issue or how Firestone roofing components deviated from these specifications and performance standards. Firestone remarks that Louviere's expert does not address whether the Firestone roofing components were unreasonably dangerous in construction or composition.  Firestone has submitted Louviere's expert report authored by Frank L. Willis, PhD, PE PLS.  The court has reviewed the report and agrees that it does not address or establish that the roofing components manufactured by Firestone were unreasonably dangerous in construction or composition.  Accordingly, plaintiff cannot establish this element of its claim under the LPLA.

Next, Firestone maintains that Louviere cannot establish that its component parts are unreasonably dangerous in design. Louviere must prove by a preponderance of the evidence that at the time the product left the manufacturer's control that:

> (1) there was a feasible alternative design for the product;
> (2) that was capable of preventing the injuries;
> (3) the likelihood that the product's design would cause the injuries and the seriousness of the injuries outweighed the burden on the defendant of using that alternative design on the utility of the product; and
> (4) the injuries and/or deaths were proximately caused by a characteristic of the product which made it unreasonably dangerous existed at the time the product left the defendant's control.[11]

Firestone maintains that Louviere cannot establish that there was an alternative design for

---

[10] La. Rev.Stat. Ann. § 9:2800 54(A); Fields v. Walpole Tire Service, LLC, 37 So.3d 549 (La.App. 2 Cir. 05/19/2010).

[11] La.Rev. Stat. Ann. § 9:2800.56.

the roofing components at issue in this matter that would have prevented the plaintiff's injuries. Firestone also maintains that Louviere cannot establish that the risk of the product as designed was greater than both the burden on the manufacturer at the time of distribution of preventing the risk by using the alternative design identified and the adverse effect, if any, at that time that the alternative design would have had on the product's utility. Finally, Firestone maintains that plaintiff cannot set forth sufficient evidence that her injuries were proximately caused by the unreasonably dangerous design characteristic which was present at the time the product left Firestone's control.

The court notes that Louviere has failed to oppose the instant motion and consequently has failed to submit any summary judgment evidence to establish any elements with regard to a claim of an unreasonably dangerous design.  Accordingly, any such claim will be dismissed.

Firestone maintains that Louviere has failed to establish that under the LPLA, the roofing components were unreasonably dangerous because of a lack of adequate warning. Under the LPLA, a product can be unreasonably dangerous if it did not provide an adequate warning at the time the product left the manufacturer's control, the product possessed a characteristic that may cause damage, and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.[12] Louviere has failed to identify a characteristic of the Firestone roofing components that may have caused her damage, nor has she offered evidence that Firestone failed to warn her.  Therefore, Louviere's claim for lack of adequate warning must also fail.

Firestone maintains that Louviere has failed to establish that the roofing component is unreasonably dangerous for failure to conform to an express warranty.  Louviere must demonstrate

---

[12] La.Rev. Stat. Ann. § 9:2800.57.

that (1) the manufacturer made an express warranty regarding the product; (2) the plaintiff was induced to use the product because of the warranty; (3) the product failed to conform to that express warranty; and (4) the plaintiff's damages was proximately caused because the express warranty was untrue.[13] Louviere has offered no evidence that Firestone should have, but did not warn her of a characteristic of its product that was a danger to users and handlers of the product.

Firestone maintains that Louviere cannot demonstrate by a preponderance of the evidence that Firestone's roofing components were unreasonably dangerous and caused her harm. Louviere's expert, Dr. Willis, reported that he "found no evidence that the current roof is leaking, and found no evidence to tie the condition of the roof to the accident.[14] He also concluded that he could not determine the source of the moisture on which Louviere slipped.  He further remarked that the moisture could have come from the coolers, refrigeration piping, refrigeration system, air conditioning ducts, the rust stained area of the metal roofing deck or the skylights. Louviere has failed to identify the source of the moisture, and she has further failed to rule out other sources of moisture.  Consequently, Louviere cannot establish the element of causation.

Finally, Firestone maintains that Louviere has no cause of action under a general negligence theory because the LPLA provides the exclusive theories of liability for manufacturers for damage caused by their products.[15] Firestone is correct that the LPLA is the exclusive remedy for manufacturers for damage alleged to be caused by their products.[16]  Accordingly, any claim for

_____

[13] Caboni v. General Motors Corp., et al 278 F.3d 448, 452 (5th Cir. 2002).

[14] Firestone exhibit A, Dr. Frank Willis Report.

[15] La. Rev. Stat. Ann § 9:2800.52.

[16]  La. Rev. Stat. Ann. § 9:2800.52.

damages under a negligence theory will be dismissed.

## **CONCLUSION**

For the reasons set forth above, the motion for summary judgment will be granted dismissing with prejudice Louviere's claims against Firestone only under the LPLA and negligence.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this _____ day of June, 2014.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE