RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/25/14

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| JENNIFER LOUVIERE | : | DOCKET NO. 3:12-2746 |
| VS. | : | JUDGE TRIMBLE |
| WAL-MART STORES, INC., JOHN J. CAMPBELL CO., INC., ET AL | : | MAGISTRATE JUDGE HAYES |

### MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment (R. #47) wherein defendant, John J. Campbell Co., Inc. seeks to have all claims asserted against it dismissed pursuant toe Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has not filed any objections to the motion.

### FACTUAL STATEMENT

In her complaint, Louviere alleges that on or about August 29, 2011 she was walking in the Wal-Mart store in Ruston, Louisiana when she slipped and fell on a liquid substance allegedly caused by a leaking ceiling or roof. Louviere further alleges that the fall caused injuries to her leg, shoulder and hip. Louviere has named as defendants, Wal-Mart, the roofer, John J. Campbell Company, Inc., and the roof manufacturer, Firestone Building Products Company, LLC ("Firestone").[1]

In October and November 2010, defendant John J. Campbell Co., Inc. ("JJCC") re-roofed the Wal-Mart store with a new roof and issued a warranty[2]. JJCC went to the store on three occasions

---

[1] On June 9, 2014, the undersigned issued a Memorandum Ruling and Judgment dismissing with prejudice defendant, Firestone Building Products Co., LLC. R. #56 and 57.

[2] JJCC exhibit 1, ¶ 5.

for warranty work; on one occasion, it was determined that there was a small puncture in the membrane which was repaired.[3] On another occasion it was determined that condensation from HVAC caused the leak. On January 21, 2011, JJCC went to the store and determined that this leak was the result of condensation from various HVAC lines and an open metal corner on one of the rack houses above the grocery area.[4] That area was re-sealed.[5]

There were no further reports of leaks from January 21, 2011.[6] On January 7, 2014, Randy Fisher, Chief Operation Office for JJCC, inspected the store and failed to detect any problems with the roof leaking.[7]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[8] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[9]  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the

---

[3] Id. ¶ 8.

[4] Id.

[5] Id.

[6] Id. ¶ 9.

[7] Id. ¶¶ 10 and 11.

[8] Fed. R.Civ. P. 56(c).

[9] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

non-moving party.[10] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[11] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[12] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[13] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[14] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[15]

## LAW AND ANALYSIS

Plaintiff, Louviere has asserted a negligence claim against JJCC. To prove a negligence claim under Louisiana Civil Code article 2315, a plaintiff must show that: (1) the defendant had a duty to conform his conduct to a specific standard; (2) the defendant's conduct failed to conform to the appropriate standard; (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's

---

[10] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[11] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[12] Anderson, 477 U.S. at 249.

[13] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[14] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[15] Anderson, 477 U.S. at 249-50.

injuries, and (5) actual damages.[16]

Louviere retained expert, Dr. Frank Willis, who prepared an expert report that concluded that he "found no evidence that the current roof is leaking, and found no evidence to tie the condition of the roof to the accident."[17] Dr. Willis also concluded that he could not determine the source of the moisture on which Louviere allegedly slipped.[18] Dr. Willis opined that the source of the moisture could have been from the coolers, refrigeration piping, refrigeration system, the air conditioning ducts, the rust stained area of the metal roofing deck or the skylights.

JJCC maintains that there is insufficient evidence to support a verdict against JJCC. Louviere has failed to respond to this motion and/or submit summary judgment evidence to create a genuine issue of material fact for trial.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment filed by defendant John J. Campbell Company will be granted dismissing with prejudice plaintiff's claims against this defendant.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 25th day of June, 2014.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[16] Thibodeaux v Trahan, 74 So.2d 850, 853 (La.App. 3 Cir. 10/05/11).

[17] JJCC exhibit 2, p. 11.

[18] Id. p. 14.

4